[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION JAN 22 2007
This is a subrogation action brought by the plaintiff insurance company, alleging that prior to November 4, 1997 it had issued a policy of insurance against loss to Computer House, a corporation engaged in the business of selling computers and computer equipment and located at 200 Boston Post Road in Orange, Connecticut. It is further alleged that on November 4, 1997 the defendants James Burgarella and Stephanie Dellaquilla broke into Computer House and stole computers and other merchandise belonging to Computer House; that as a result of this theft the plaintiff was required under the terms of its insurance policy to pay Computer House the sum of $30,000 for the loss of the stolen property; and that the plaintiff is subrogated to the rights of Computer House to the extent of the loss. The defendant Stephanie Dellaquilla, was earlier defaulted for failure to appear and a judgment of $30,000 was rendered against her on May, 19, 2000. CT Page 1219
The plaintiff offered the testimony of Joseph Han, Vice President of Computer House who testified that $30,000.00 worth of property was stolen. In evidence is Exhibit 1, which is a "supplemental loss form" covering nine pages and listing approximately ninety items claimed to have been stolen with a total value of over $38,000.00. This form was prepared by Mr. Han and his wife and submitted to the Orange Police Department. Also in evidence is Exhibit 2, which is a "sworn statement in proof of loss" submitted by the President of Computer House to the plaintiff claiming the actual cash value of the loss to be $30,250.00 with a $250.00 deductible, resulting in a claim of $30,000.00 The plaintiff subsequently paid Computer House $30,000.00, and is subrogated to the rights of Computer House to the extent of the payment.
Mr. Burgarella (defendant), testified and admitted that he and Ms. Dellaquilla did break into Computer House on November 4, 1997 and stole merchandise. He subsequently was arrested for the crime, pleaded guilty to larceny second degree, and is currently serving a prison sentence for this and other offenses. It is also not disputed that the plaintiff did pay Computer House $30,000.00 for the alleged loss. The only issue disputed by the defendant is the amount of property stolen and its value.
The defendant testified that he was very experienced in committing this type of crime, which was characterized by the investigating police officer as a "smash and grab". The defendant testified that Ms. Dellaquilla remained in the car, a two door Chevrolet Lumina, while he smashed the lock on the door, entered the store, and took a printer, a monitor and a mouse pad. He then ran out, threw the items in the trunk of the car, and they drove away before the police arrived. He later sold the items for $520.00 which he used to buy drugs. He is now in prison where he is in a drug program to try and deal with a long standing drug problem.
The evidence indicated that when someone enters the store while the burglar alarm is activated, which it was in this case, that the alarm does not sound for one minute so as to give the person who enters time to punch in a code and thus deactivate the alarm. If the code is not punched in within one minute a loud alarm will ring at the store and a signal of an entry is relayed to the alarm company. The alarm company then will immediately telephone the store to see if there is an innocent explanation for the alarm, and if not satisfied with the response, will then telephone the local police department. The evidence in this case showed that less than ten minutes passed from the time the alarm company received the signal, until two Orange police officers arrived at the scene. The perpetrators had left before the police arrived. CT Page 1220
The plaintiff had the burden of proving that the defendant and his associate did in fact steal merchandise and its value. The court is of the opinion that it was not possible for the defendant to have removed the number of items which the plaintiff claimed were stolen in the limited time available to complete the theft, or that the car which Ms. Dellaquilla was driving was capable of transporting this huge amount of merchandise.
Therefore the plaintiff has failed to prove that the defendant stole $30,000.00 worth of merchandise. What was proven, by way of the testimony of the defendant, was a theft of three items. Exhibit 1 does list several computers and printers with varying values. The only evidence before the court as to the value of the specific items stolen, a printer, a monitor, and a mouse pad, came from the defendant who testified that he sold the items for $520.00.
Accordingly the court finds in favor of the plaintiff on both counts of the complaint as against the defendant James Burgarella in the amount of $520.00. Judgment in that amount may enter.
Hadden, J.T.R.